IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BUBBA'S TOWING & RECOVERY, LLC,** | CASE NO. 3:23 CV 2025 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **BIG EAGLE TRANSPORT, INC., et al.,** | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

### INTRODUCTION

Defendant Vista Food Exchange, Inc., filed a Motion to Dismiss all claims against it for lack of personal jurisdiction in this removed breach of contract and unjust enrichment case. (Doc. 6). The motion is fully briefed and ripe for decision. *See* Docs. 7, 8. Jurisdiction is proper under 28 U.S.C. § 1332(a). For the following reasons, the Court grants Vista's Motion.

### BACKGROUND

Plaintiff Bubba's Towing & Recovery, LLC ("Bubba's Towing"), is a vehicle towing service based out of Monclova, Ohio. (Doc. 1-2, at 1). Its LLC members are, "upon information and belief," all domiciled in Ohio. (Doc. 1, at 3). Defendant Big Eagle Transport, Inc. ("Big Eagle"), is a Michigan motor carrier corporation; Defendant Vista Food Exchange, Inc. ("Vista"), is a New York food distribution corporation. (Doc. 1-2, at 1).

On September 30, 2022, a tractor and trailer operated by Big Eagle was involved in an accident on the Ohio Turnpike in Lucas County. *Id.* at 2. Vista owned the cargo on the trailer. *Id.* Law enforcement officers called Plaintiff for towing and recovery services. *Id.* Plaintiff's representatives "observed the vehicle had rolled onto its right side and had veered towards the

guardrail on the right hand side of the freeway . . . the trailer had ripped open and cargo was strewn about on the Turnpike." *Id.* Plaintiff worked with law enforcement for six hours to move the tractor and trailer away from the road, clear cargo and other debris from the road, and move cargo into rental dumpsters. *Id.* Plaintiff then moved the cargo, tractor, and trailer to its own storage facilities. *Id.*

Plaintiff attached to the Complaint invoices to Defendants for its services and storage fees. *See id.* at 10-12. Neither Defendant has yet paid Plaintiff in any amount for its services or for storage. *Id.* at 3. Plaintiff ended cargo dumpster rental fees on October 24, 2022, "for health and safety reasons" – presumably because it disposed of perishable food products. *Id.* at 2-3. Plaintiff continues to store the tractor and trailer. *Id.* at 3. As of August 25, 2023, total charges to Defendants were $95,416.02; storage charges for the tractor and trailer continue to accrue at $120 per day plus tax. *Id.*

Plaintiff originally filed this case in the Lucas County Court of Common Pleas. *Id.* at 1. Vista removed the case to this Court and then filed a Motion to Dismiss the claims against it. *See* Docs. 1, 6.

### STANDARD OF REVIEW

On a motion to dismiss under Federal Civil Rule 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction. *Walker v. Concoby*, 79 F. Supp. 2d 827, 829 (N.D. Ohio 1999). When personal jurisdiction is challenged under Federal Civil Rule 12(b)(2) and no evidentiary hearing has been held, the Court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in a light most favorable to the nonmoving party." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002). However, "[o]nce the defense has been raised, then the plaintiff must sustain [his] burden of proof in establishing

2

jurisdictional facts through sworn affidavits and competent evidence." *Hammons v. Lasik Vision Inst., LLC*, 2006 WL 2583162, at *3 (W.D. Tenn.) A *prima facie* showing of personal jurisdiction is all that is required. *See Bird*, 289 F.3d at 871; *see also Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991).

## DISCUSSION

In its Complaint, Plaintiff brought one claim against Vista for unjust enrichment related to "[s]ervices attributable to the cargo" in the vehicle crash. (Doc. 1-2, at 4-5). Plaintiff alleges it moved and preserved Vista's property – the trailer cargo – and Vista failed to pay Plaintiff for those services. *Id.* at 5. Plaintiff does not provide a specific dollar amount it asserts Vista owes it but states the value of its services to Vista is "in no event less than $25,000." *Id.* Also potentially relevant to Vista is Plaintiff's claim for a declaratory judgment that "because the accident involved the discharge of pollutants on or around the roadway, and the accident caused the loss of use of an important public roadway by the motoring public, any monies due and owing to Bubba's Towing reduced to a final judgment in this action constitute a 'public liability' as that term is used in [a] MCS-90 endorsement." *Id.* at 6. All other claims are against Big Eagle alone.

Vista argues in its Motion to Dismiss that Plaintiff does not and cannot establish personal jurisdiction over Vista. *See* Doc. 6-1. District courts sitting in diversity apply the law of the forum state – in this case, Ohio – to determine whether it has personal jurisdiction over a non-resident defendant, such as Vista. *Theunissen*, 935 F.2d at 1459. For this Court to have personal jurisdiction over Vista, (1) Ohio's long-arm statute must apply to Vista and (2) exercise of personal jurisdiction over Vista must "comport[] with constitutional due process" requirements. *Air Products and Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). This Court finds it does not have personal jurisdiction over Vista.

3

Ohio Long-Arm Statute

"[U]nder Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012). Those bases are:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that that person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev. Code § 2307.382(A). As of April 2021, the long-arm statute also provides that:

> In addition to a court's exercise of personal jurisdiction under division (A) of this section, a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution.

Ohio Rev. Code § 1207.382(C). The Ohio Supreme Court has not yet interpreted this provision. Some federal district courts in Ohio have held the long-arm statute "now extends personal jurisdiction to the fullest extent that the U.S. Constitution permits." *AmaTech Grp. Ltd. v. Fed. Card Serv., LLC*, 2022 WL 44674, at *5 (S.D. Ohio) (citing *C.T. v. Red Roof Inns, Inc.*, 2021 WL 2942483, at *10 (S.D. Ohio); *Smith v. Swaffer*, 566 F. Supp. 3d 791, 806 (N.D. Ohio 2021); and *NOCO Co. v. Shenzhen Valuelink E-Com. Co.*, 550 F. Supp. 3d 488, 493 (N.D. Ohio 2021)). Another federal district court in the state held the new provision "merely [] allow[s] for 'general jurisdiction' over non-resident defendants in appropriate circumstances" rather than specific jurisdiction. *AmaTech*, 2022 WL 44674, at *5 (citing *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 827 n.2 (S.D. Ohio 2021)).

The parties to this case do not mention this new provision of the long-arm statute. They instead focus primarily on specific jurisdiction under subsections (1) and (2). Vista argues the Complaint "fails to allege that Vista 'transacted business' in Ohio as required . . . To 'transact business' in the State, there must be a showing of a substantial connection with the State, creating an obligation there." (Doc. 6-1, at 5). Vista primarily relies upon *Hildebrand v. Steck Manufacturing, Inc.* 279 F.3d 1251 (6th Cir. 2002). The *Hildebrand* court held there is no personal jurisdiction under the Ohio long-arm statute on the basis of transacting business unless "negotiations [] ultimately lead to a 'substantial connection' with the forum, creating an affirmative obligation there." 279 F.3d at 1354. One-sided solicitation or negotiation attempts within Ohio do not confer personal jurisdiction, particularly when the party derives no revenue from the state. *Id.* at 1355. Vista argues that on the face of the Complaint, Plaintiff alleges only

5

that Vista's property "happened to be fortuitously and randomly located in the state during transit." (Doc. 6-1, at 5).

Plaintiff argues that because "Vista's product was literally scattered on the Ohio Turnpike . . . and the work performed related to Vista's goods was also performed in Ohio", Vista has "transact[ed] business and/or suppl[ied] goods within Ohio" to a degree sufficient to confer personal jurisdiction. (Doc. 7, at 6). Plaintiff does not allege the goods on the trailer were ultimately destined for Ohio. According to the Complaint, Plaintiff was contacted by law enforcement to clear the road, not by Vista. Most Ohio courts consider a defendant subject to personal jurisdiction in the state under the transacting business provision where that defendant initiated the business dealings, not the plaintiff. *See, e.g.*, *State ex rel. Atty. Gen. v. Grand Tobacco*, 171 Ohio App. 3d 551, 558 (Ohio Ct. App. 2007) ("a person 'transacts business' in Ohio if the business operations *set in motion by the defendant* have a 'realistic impact' on Ohio commerce" (emphasis added)); *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 73-74 (1990) ("[a] commercial nonresident lessee, for purposes of personal jurisdiction, is 'transacting any business' . . . where *the lessee* negotiates"). While the Complaint alleges Plaintiff seeks compensation for services provided to Vista in Ohio, Plaintiff provided these services unilaterally. Plaintiff alleges no kind of mutual contractual obligation between itself and Vista which might create an affirmative obligation on Vista's part. This Court finds the Complaint does not allege facts giving rise to personal jurisdiction under Ohio's long-arm statute.

Plaintiff alternatively argues Vista has other business dealings with Ohio which meet the long-arm statute requirements. (Doc. 7, at 3). Plaintiff cites Vista's website, which "touts its reach is 'domestic and global,'" and argues "[s]uch a range definitely includes Ohio." *Id.* Plaintiff also cites a case in this district in which Vista was a defendant subject to personal jurisdiction in Ohio

6

(*Champion Foodservice, LLC v. Vista Food Exchange, Inc.*, 2013 WL 4046449 (N.D. Ohio)) and a case in the Southern District of Ohio in which Vista was a plaintiff (*Fresh Logistics, LLC v. Flatow-Riley, Inc.*, No. 1:07-CV-770 (S.D. Ohio April 4, 2011)). For reasons explained below, these arguments do not meet constitutional requirements for personal jurisdiction.

Constitutional Due Process

Exercise of personal jurisdiction over a party must also comport with constitutional due process requirements, i.e., the nonresident defendant must have "sufficient minimum contacts with the forum state so that finding personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Zakharov*, 667 F.3d at 712.[1] Particularly because there is legal uncertainty regarding interpretation of Ohio's recent amendment of the long-arm statute, under which it is possible personal jurisdiction extends to the limits of constitutional due process, this Court examines the constitutional issues in this case as well.

---

1. Plaintiff uses the facts it cites in its argument for specific personal jurisdiction to also argue for general personal jurisdiction, and frequently conflates the requirements of the two. *See* Doc. 7, at 7. "General jurisdiction exists over a defendant when his contacts with the forum state are of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). A commercial defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at home in the forum State" in order for it to be subject to general personal jurisdiction in that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). The Complaint alleges and the removal notice confirms Vista is incorporated and maintains its principal place of business in New York. *See* Doc. 1. While Plaintiff's opposition brief alleges Vista has done some business in Ohio, it also states "Vista said it has no offices, no employees, no telephone numbers, no real property owned or leased and no bank accounts located in the State of Ohio." (Doc. 7, at 7). While Plaintiff is correct none of these things are required to conduct business in Ohio, their absence indicates Vista's operations in Ohio are not "continuous and systematic" enough to make it subject to general jurisdiction here.

7

The Sixth Circuit uses a three-part test to determine whether exercise of specific personal jurisdiction is proper:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 649 (6th Cir. 2016). Plaintiff argues shipment of Vista's goods "caused a consequence" in Ohio. (Doc. 7, at 7). But the purposeful availment requirement is met only when "the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum State.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)). A commercial defendant's efforts must be "purposefully directed toward the residents of [the forum] State." *Id.* at 1264. In the Sixth Circuit, that means the defendant must have done "more than merely place a product into the stream of commerce." *Parker v. Winwood*, 938 F.3d 833, 840 (6th Cir. 2019). The stream of commerce "plus" approach to personal jurisdiction means "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) (O'Connor, J., plurality); *see also Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 480 (6th Cir. 2003).

These requirements create problems for several of Plaintiff's arguments. As the Complaint sets out, Vista contracted with co-defendant Big Eagle Transport, Inc., a Michigan corporation, to carry cargo owned by Vista through Ohio, not to Ohio. (Doc. 1-2, at 1-2). Vista's connections with Ohio come through Plaintiff's services after the crash – and these services were initiated by law

8

enforcement and Plaintiff (Doc. 1-2, at 2), not "actions by the defendant [it]self." *CompuServe*, 89 F.3d at 1263. Vista did not own or operate the truck or trailer which crashed on the Turnpike. (Doc. 1-2, at 1-2). By contracting with another out-of-state entity to carry its goods through Ohio to another destination, Vista did not do more than place a product into the stream of commerce, and it did not do enough to meet the stream of commerce "plus" requirement.

Plaintiff's assertions of Vista's nation- and world-wide reach and its prior legal activity in this state likewise do not meet constitutional requirements. The website screenshots Plaintiff cites in and attaches to its opposition brief do not mention Ohio. *See* Doc. 7-1, at 3-7. Advertisement for national or global reach alone does not meet the Sixth Circuit's stream of commerce "plus" rule – it is "not an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112. Actions sufficient to meet this requirement include, "for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.* Plaintiff alleges no such actions. That a national or international range "includes Ohio" does not mean there is action directed toward Ohio.

Even if Plaintiff had – or even if Plaintiff amended its Complaint to include such allegations – Plaintiff would still not be able to show the second prong of the constitutional personal jurisdiction test: "the cause of action must arise from the defendant's activities there." *Means*, 836 F.3d at 643. The business activities which Vista advertises in the website screenshots Plaintiff cites include "trading (sourcing, purchasing, delivering) perishable products . . . [between] packers, food processors, retailers, distributors, and food service organizations to an integrated international market." (Doc. 7-1, at 7). Plaintiff's case arises from its unilateral provision of services, which

9

included clearing and storing Vista's goods, after another defendant's vehicle crashed in Ohio. (Doc. 1-2, at 1-2). Vista's activities relevant to this case, as alleged in the Complaint, include only contracting with a Michigan company. (Doc. 1-2, at 1). Plaintiff alleges no activities actually taken by Vista in Ohio under which its case against Vista arises. This contrasts with its case against Big Eagle, which actually operated the vehicle on Ohio's roads.

Plaintiff's allegations of Vista's legal activity in Ohio meet a similar barrier. Plaintiff cites *Champion Foodservice, LLC v. Vista Food Exchange, Inc.*, in which Vista was subject to personal jurisdiction in this district. 2013 WL 4046449 (N.D. Ohio).[2] But "the cause of action must arise from the defendant's activities" in the forum state. *Means*, 836 F.3d at 643. In that case, it is possible the plaintiff had a cause of action against Vista which arose directly from Vista's activities in Ohio. That does not necessarily mean this requirement for specific personal jurisdiction is met in every case against Vista in Ohio.

Finally, this Court finds that the nature of Plaintiff's alleged business services to Vista – that is, that they were undertaken without Vista's prior agreement or knowledge, under circumstances where no agent or representative of Vista had contact or presence – runs afoul of the third and final requirement for constitutionally acceptable exercise of personal jurisdiction. While Vista's goods' presence on the road in Ohio after the truck on which they were packed crashed may have "caused a consequence" in Ohio, there is not a substantial enough connection

---

2. Plaintiff also cites *Fresh Logistics, LLC v. Flatow-Riley, Inc.*, a case in which Vista was a plaintiff. (Doc. 7, at 3-4 (citing No. 1:08-CV-770 (S.D. Ohio April 4, 2011)). Plaintiffs choose where they file their lawsuits and therefore implicitly consent to that forum's jurisdiction. *See, e.g.*, *Adam v. Saenger*, 303 U.S. 59, 67-68 (1938) ("The plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence."). Vista's presence in Ohio as a plaintiff in the *Fresh Logistics* case therefore has no bearing on whether Ohio may exercise personal jurisdiction over it as an out-of-state defendant.

between Vista and Ohio to make this court's exercise of jurisdiction reasonable. *See Means*, 836 F.3d at 649. Plaintiff characterizes the issue of personal jurisdiction as a "trivial technicality." (Doc. 7, at 9). It is not. Vista correctly states this requirement "recognizes and protects an individual liberty interest." (Doc. 8, at 5). Personal jurisdiction is a constitutional matter, and its requirements are concerned with upholding "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316.

Though Plaintiff argues this Court should allow it to amend its Complaint before granting Vista's Motion to Dismiss (Doc. 7, at 8), the facts Plaintiff states it would add – information from Vista's website and from former court cases in Ohio – would not support a *prima facie* showing of jurisdiction, as explained above. While leave to amend should be granted freely when justice requires, district courts do not abuse their discretion in denying such leave when "conceivable amendments [are] likely to be fruitless." *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 387 (6th Cir. 2017). Because Plaintiff's proposed changes would not cure the defect, this Court grants Vista's Motion to Dismiss without allowing Plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Vista Food Exchange, Inc.'s Motion to Dismiss (Doc. 6) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendant Vista Food Exchange, Inc.'s Request for a Hearing (Doc. 8) be, and the same hereby is, DENIED AS MOOT.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 29, 2024
