**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**BUBBA'S TOWING & RECOVERY, LLC,**          CASE NO. 3:23 CV 2025

    Plaintiff,

    v.                                                                    JUDGE JAMES R. KNEPP II

**BIG EAGLE TRANSPORT, INC.,**

    Defendant.                                                    **MEMORANDUM OPINION AND
ORDER**


### INTRODUCTION

Currently pending before the Court in this case is Plaintiff Bubba's Towing and Recovery, LLC's Motion for Default Judgment. (Doc. 14). Plaintiff seeks $133,042.32 in damages against Defendant Big Eagle Transport, Inc. ("Big Eagle"). *See id.* Plaintiff also seeks declaratory relief. *Id.* Jurisdiction is proper under 28 U.S.C. § 1332.

For the reasons discussed below, the Court grants Plaintiff's motion.

### BACKGROUND

Factual Background

As alleged in the Complaint, the facts are as follows.

On September 30, 2022, Plaintiff responded to a request from law enforcement regarding a commercial vehicle incident on the Ohio Turnpike in Lucas County, Ohio. (Doc. 1-2, at ¶ 4). Upon arrival, Plaintiff observed the tractor-trailer, which had been operated by Defendant, had rolled onto its right side and was obstructing the flow of traffic. *Id.* at ¶ 6. The trailer had opened and its cargo was strewn about the Turnpike, completely blocking traffic. *Id.*

Plaintiff's representatives worked for approximately six hours to move the tractor and trailer, recover the cargo, clean up pollutants on and around the roadway, and restore the roadway for traffic. *Id.* at ¶ 7. The tractor, trailer, and cargo were then transported to Plaintiff's storage facility at the request of law enforcement. *Id.* Specialized and other heavy-duty equipment was required to remove the cargo and recover the trailer. *Id.* at ¶ 8.

The cargo dumpster rental fees ceased on October 24, 2022, "for health and safety reasons". *Id.* at ¶ 10. Plaintiff retains possession of the tractor and trailer; storage charges are $120 per day. *Id.* Plaintiff attaches invoices for the recovery charges (Doc. 1-2, at 10-12); Plaintiff has not received payment. (Doc. 1-2, at ¶ 11); (Doc. 14-1).

Plaintiff brings five claims for relief against Defendant: (1) Breach of Implied-In-Fact Agreement) (First Claim for Relief); (2) Unjust Enrichment (Second Claim for Relief); (3) Declaratory Judgment (Fourth and Fifth Claims for Relief). (Doc. 1-2).

Procedural Background

Plaintiff served Defendant on September 20, 2023. *See Bubba's Towing & Recovery, LLC v. Big Eagle Transport, Inc.*, No. G-4801-CI-0202303670-000 (Lucas Cnty. Ct. of Common Pleas) (Docket entry dated September 22, 2023). (Doc. 3). After Defendant failed to Answer, Plaintiff moved for an entry of default on June 6, 2024. (Doc. 12). Pursuant to Federal Civil Rule 55(a), the Clerk entered default on June 7, 2024. (Doc. 13).

Plaintiff then filed the currently-pending Motion for Default Judgment on June 10, 2024 (Doc. 14). Defendant has not filed anything in response.

Damages Evidence

In support of damages, Plaintiff submits the Declaration of Jeannie Bonn, Plaintiff's President. (Doc. 14-1). Bonn avers that Exhibit A, attached to the Complaint, is an itemization of

the equipment used in connection with the recovery at issue, along with an itemization of the charges. *Id.* at ¶ 3; *see also* Doc. 1-2, at 10-12. She avers that, as reflected in Exhibit A, as of August 25, 2023, Plaintiff was owed $95,416.02. *Id.* at ¶ 9. She further avers that since August 25, 2023, Plaintiff has continued to store the tractor and trailer at a rate of $120 per day plus sales tax and thus Plaintiff is owed an additional $37,626.30 ($34,920.00 for 291 additional days of storage charges plus $2,706.30 in sales tax). *Id.* at ¶ 10. In total, Bonn avers, Defendant owes Plaintiff $133,042.32 as of June 10, 2024. *Id.* at ¶ 11.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the Clerk against Defendant pursuant to Rule 55(a). *See* Docs. 12, 13. Under Rule 55(b)(2), the Court may enter default judgment without a hearing, but may conduct a hearing or make a referral if the Court needs to: (1) conduct an accounting; (2) determine the amount of damages; (3) establish the truth of any allegations by evidence; or (4) investigate any other matter. The decision to grant default judgment is within the Court's discretion. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing among authority 10A Charles A. Wright et al., *Fed. Prac. & Proc.* § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).")).

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.* 66 F.3d 105, 110–11 (6th Cir. 1995). "The district court must conduct [ ] an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (internal citation omitted).

DISCUSSION

Plaintiff seeks a default judgment against Defendant on both its damages and declaratory judgment claims.

"Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, 1999 WL 1023753, at *2 (6th Cir.) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)); *see also Harris v. Cooley*, 2019 WL 1573260, at *1 (S.D. Ohio) (in considering a motion for default judgment, all "factual allegations of the complaint, except those related to the amount of damages, will be taken as true").

<u>Damages Claims</u>

Plaintiff's damages claim is based on theories of breach of an implied-in-fact contract (Count 1) and unjust enrichment (Count 2). (Doc. 1-2, at 3).

In Ohio, the elements of an unjust enrichment claim are as follows: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *L & H Leasing Co. v. Dutton,* 612 N.E.2d 787, 791 (1992) (citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179 (1984)). Unjust enrichment arises out of a contract implied in law. *Hummel v. Hummel*, 14 N.E.2d 923, 925-26 (Ohio 1938); A "contract implied in law" is not a true contract, but is a "quasi-contract" implied by a court when a party "retains money or benefits which in justice and equity belong to another." *Id.* at 926-27; *see also Reisenfeld & Co. v. Network Grp., Inc.*, 277 F.3d 856, 860 (6th Cir. 2002) (describing that under Ohio law there "are three elements for a quasi-contract claim" and listing the same unjust enrichment elements).

4

The facts, as alleged in the Complaint and deemed true by virtue of Defendant's default, establish a claim for unjust enrichment. Plaintiff conferred a benefit on Defendant; Defendant was aware of the benefit and it would be unjust for Defendant not to pay. Plaintiff has therefore demonstrated its entitlement to default judgment on its unjust enrichment claim.

<u>Damages</u>

Having determined Plaintiff is entitled to a default judgment on its claims, the Court turns to the question of damages. Plaintiff seeks an award of $133,042.32 and has presented a declaration from Jeannie Bonn, Plaintiff's President, attesting to the amounts owed (Doc. 14-1), as well as the invoices attached to the original complaint (Doc. 1-2, at 10-12). The Court finds the evidence presented is sufficient to establish with "reasonable certainty" that Plaintiff is entitled to the amount requested. *See Vesligaj*, 331 F. App'x at 355. The Court therefore grants Plaintiff judgment in the amount requested, $133,042.32.

<u>Declaratory Judgment Claims</u>

Plaintiff's Complaint also seeks declaratory judgment. In its motion, Plaintiff seeks a declaratory judgment:

(i)     That the motor vehicle giving rise to the accident in the action was operated by Big Eagle;

(ii)    That Big Eagle was engaged in interstate commerce when the accident occurred;

(iii)   That the accident resulted from the negligence of Big Eagle in connection with Big Eagle's operation, maintenance, or use of the commercial motor vehicle; and

(iv)    That the judgment amount awarded in this action reflects all sums due and owing to Bubba's for 'public liability' as that term is used in the Endorsement for Motor Carrier Policies and Insurance for Public Liability under Section 29 and 30 of the Motor Carrier Act of 1980, otherwise known as the MCS-90 Endorsement.

(Doc. 14, at 2, 4-5). Again, the Court finds that by virtue of Defendant's default, and for good cause shown, Plaintiff is entitled to the declaratory judgment it seeks.

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Default Judgment (Doc. 14) be, and the same hereby is, GRANTED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 22, 2024